IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                         4:92-CR-00252-01-JM

CHARLES BRUCE NABORS

### ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 423) is DENIED.

I. BACKGROUND

On August 20, 1996, a jury found Defendant guilty of RICO violations which included the robbery and kidnaping of Bill Anderson; the robbery of Donna Johnson; interstate transportation of stolen property; the attempted robbery of the Woodland Bank in Tulsa, Oklahoma; the kidnaping of George Foster and Karen Fisher Perkins; wire fraud; and the robbery and kidnaping of Vandy S. Gavin. He was also convicted of conspiracy to commit extortion and robbery; interstate transportation of stolen jewelry; mail and wire fraud; being a felon in possession of a firearm; and possession of a stolen firearm.[1] On April 30, 1997, he was sentenced to life in prison.[2][3]

On April 19, 2021, Defendant requested compassionate release based on COVID-19. The Court denied the motion, which was affirmed on appeal.[4]

On January 25, 2024, Defendant filed the pending motion for compassionate release. This time the request is based on his dementia diagnosis.

---

[1] Doc. No. 296.
[2] Doc. No. 345.
[3] Doc. No. 407.
[4] Doc. Nos. 410, 419.

1

## II.     DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[5]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there. Defendant requested compassionate release on September 13, 2023, and that request was denied.[6] It is not clear whether Defendant appealed the denial. However, the Court will assume he has exhausted his administrative remedies and that the issue is properly before this Court.

Defendant seeks compassionate release because he has dementia. When defining "extraordinary and compelling reasons," the Guidelines specifically list "advanced dementia" as a medical circumstance that qualifies.[7] However, Defendant's January 2024 medical record indicates only *early*, not advanced, dementia. The record reads: "This is a borderline case as is typical of early dementia patients." Another record refers Defendant having "general dementia."[8] In fact, Defendant's brief defines his impairment as only "early onset of advanced dementia."[9] Based on the record, Defendant has not established that he is suffering from advanced dementia.

Assuming without deciding that Defendant could establish that he is no longer a danger to the community,[10] he has not provided a suitable release plan. Defendant contends that he will live

---

[5]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.
[6]Doc. No. 423 at 63.
[7]U.S.S.G. § 1.13(b)(1).
[8]Doc. No. 423 at 72.
[9]*Id.* at 17.
[10]Although Defendant qualifies under U.S.S.G. § 1B1.13(a)(1)(B), the Court still must decide whether he remains a "danger to the safety of any other person or to the community . . . ." The

with his brother, Dwight Nabors, until an assisted living facility is vetted. However, nothing in the brief indicates that Dwight has agreed to this arrangement. In fact, in an email from September 2023, Dwight appeared to be against requesting compassionate release because "the level of care that [Defendant] would receive on the outside in the public Medicare system would be a significant step down from what he has inside the system."[11] Dwight also noted that once Defendant is transferred to Devens – a BOP facility that cares for patients with cognitive impairments – everyone will be in a better position to decide what to do.[12]

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 423) is DENIED.

IT IS SO ORDERED this 20th day of May, 2024.

_____
United States District Judge

---

severity of his crimes previously were outlined in the May 3, 2021 Order. Doc. No. 410. While his crimes were egregious and threatened the lives of numerous people, Defendant is now a 70 year-old man, with declining health, who has served 30 years with no disciplinaries. This tends to weigh against a finding of on-going dangerousness.

[11] Doc. No. 423 at 156.
[12] Id.